Filed 5/28/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL M. SELA, M.D., | B253860 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. BS136104) |
| v. | |
| MEDICAL BOARD OF CALIFORNIA, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Robert O'Brien, Judge. Dismissed.

Keiter Appellate Law, Mitchell Keiter for Petitioner and Appellant.

Kamala D. Harris, Attorney General, Gloria L. Castro, Senior Assistant Attorney General, Robert McKim Bell, Supervising Deputy Attorney General, Peggie Bradford Tarwater, Deputy Attorney General, for Respondent.

## INTRODUCTION

Petitioner and appellant Michael Sela, M.D., (petitioner) filed an appeal from the trial court's judgment denying his petition for writ of mandate. Petitioner sought in the trial court to set aside the decision of respondent Medical Board of California (Board) that rejected his request for early termination of the probationary restrictions on his medical license. Petitioner appealed despite the express language of Business and Professions Code section 2337 (section 2337) that requires us to review by "a petition for an extraordinary writ" a trial court decision in a physician disciplinary matter that affects the status of a physician's license. As the judgment is not appealable, we dismiss the appeal.

## BACKGROUND

In March 1995, the Board revoked petitioner's medical license, finding that he had engaged in sexual abuse and sexual misconduct during gynecological pelvic examinations. In January 2000, the Board denied petitioner's first petition for reinstatement of his license. In February 2006, the Board granted petitioner's second petition for reinstatement of his license on certain terms and conditions. Those terms and conditions included revoking petitioner's newly reinstated license, staying the revocation, and placing petitioner on probation for 10 years.[1]

In November 2010, petitioner filed a petition for penalty relief pursuant to Business and Professions Code sections 2221, subdivision (b)[2] and 2307[3] seeking, inter

---

[1]    The Board scheduled petitioner's probation to terminate in February 2016.

[2]    Section 2221, subdivision (b) provides: "(b) The board may modify or terminate the terms and conditions imposed on the probationary certificate upon receipt of a petition from the licensee. The board may assign the petition to an administrative law judge designated in Section 11371 of the Government Code. After a hearing on the petition, the administrative law judge shall provide a proposed decision to the board."

[3]    Section 2307 provides, in pertinent part: "(a) A person whose certificate has been surrendered while under investigation or while charges are pending or whose certificate

2

alia, early termination of his probation at four years into the 10-year term. In January 2012, the Board adopted the administrative law judge's proposed decision denying the petition for penalty relief.

In February 2012, petitioner filed a petition for writ of administrative mandate in the trial court seeking to overturn the Board's decision denying his petition for penalty relief. In December 2013, the trial court entered a judgment denying the petition for writ of mandate. In doing so, the trial court rejected petitioner's argument that his acquittal in a related criminal case[4] showed that he had no intent to commit sexual abuse during the examinations in issue. The trial court concluded, "1) The criminal trial acquittal is not relevant to the issues at hand. There were no findings by the jury in the criminal trial and the burden of proof is significantly different in criminal cases. 2) Petitioner's period of supervision was carefully established. Presently, Petitioner still appears not to appreciate the acts he performed and the harm inflicted." Instead of filing a petition for an

---

has been revoked or suspended or placed on probation, may petition the board for reinstatement or modification of penalty, including modification or termination of probation. [¶] . . . [¶] (c) The petition shall state any facts as may be required by the board. The petition shall be accompanied by at least two verified recommendations from physicians and surgeons licensed in any state who have personal knowledge of the activities of the petitioner since the disciplinary penalty was imposed. [¶] (d) The petition may be heard by a panel of the board. The board may assign the petition to an administrative law judge designated in Section 11371 of the Government Code. After a hearing on the petition, the administrative law judge shall provide a proposed decision to the board . . . which shall be acted upon in accordance with Section 2335. [¶] (e) The panel of the board or the administrative law judge hearing the petition may consider all activities of the petitioner since the disciplinary action was taken, the offense for which the petitioner was disciplined, the petitioner's activities during the time the certificate was in good standing, and the petitioner's rehabilitative efforts, general reputation for truth, and professional ability. . . . [¶] (f) The administrative law judge designated in Section 11371 of the Government Code reinstating a certificate or modifying a penalty may recommend the imposition of any terms and conditions deemed necessary. . . ."

[4]     In October 1993, the Pasadena City Prosecutor charged petitioner with misdemeanor sexual battery in violation of Penal Code section 243.4, subdivision (d) based on a November 1992 incident during a patient examination. Following a trial on that charge, the jury found petitioner not guilty.

extraordinary writ pursuant to section 2337,[5] petitioner filed a notice of appeal from the trial court's judgment. Because an appealable order or judgment is a jurisdictional prerequisite to an appeal, and a reviewing court must raise the issue of appealability on its own initiative (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 128), we issued an order directing petitioner to appear and show cause why this appeal should not be dismissed because it was taken from an order or judgment made nonappealable by section 2337. After further briefing by the parties and a hearing on the order to show cause, we dismiss the appeal for the reasons explained below.

## DISCUSSION

In his statement of appealability and subsequent letter brief on that issue, petitioner contends that the judgment denying his writ petition is appealable, notwithstanding section 2337, which limits appellate review of trial court rulings upholding or vacating Board decisions that revoke, suspend, or restrict physician licenses. According to petitioner, because the Board's denial of his petition for penalty relief did not revoke, suspend, or restrict his license, but rather merely maintained the status quo by leaving in place the previously ordered 10-year probation period, section 2337 does not apply to his appeal. In its letter brief on the appealability issue, the Board agrees with petitioner. The parties, however, cannot confer appellate jurisdiction on us when an order or judgment is not appealable. (*Olson v. Cory* (1983) 35 Cal.3d 390, 398; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 86, p. 146.)

---

[5] Section 2337, which governs judicial review of Board decisions revoking, suspending, or restricting a physician's license, provides: "Notwithstanding any other provision of law, superior court review of a decision revoking, suspending, or restricting a license shall take preference over all other civil actions in the matter of setting the case for hearing or trial. The hearing or trial shall be set no later than 180 days from the filing of the action. Further continuance shall be granted only on a showing of good cause. [¶] Notwithstanding any other provision of law, *review of the superior court's decision shall be pursuant to a petition for an extraordinary writ.*" (Italics added.)

## A.    Board Disciplinary Proceedings

The Board has statutory authority to investigate allegations of unprofessional conduct and to take disciplinary action against a physician found guilty of unprofessional conduct.  (See Bus. & Prof. Code, §§ 2220, 2221, subd. (a), 2227, and 2234; *Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 7-8.)  The court in *Arnett v. Dal Cielo, supra,* 14 Cal.4th at page 9 summarized the investigatory and disciplinary procedures as follows:  "If, after such investigation as it deems necessary, the Board determines there is sufficient evidence of unprofessional conduct to warrant instituting a formal disciplinary action against a licensee, it refers the matter to the Attorney General; the action will then be prosecuted by the Senior Assistant Attorney General of the Health Quality Enforcement Section (see Gov. Code, § 12529) and the proceedings will be conducted in accordance with the Administrative Procedure Act (*id*., § 11500 et seq.).  (Bus. & Prof. Code, § 2230, subd. (a).)  The Board may also petition for injunctive relief against any licensee whenever it has 'reasonable cause to believe that allowing such person to continue to engage in the practice of medicine would endanger the public health, safety, or welfare' (*id*., § 2313; see also Gov. Code, § 11529 ['interim order' suspending license, etc., on same ground].)  If, after formal adjudicative proceedings, the licensee is found guilty of unprofessional conduct, the Board has a range of options:  It may either suspend or revoke the license, or place the licensee on probation, or issue a public reprimand.  (Bus. & Prof. Code, § 2227.)  Finally, the Board's authority to order probation includes the authority to require the licensee to obtain additional professional training and pass an examination thereon, and to submit to a complete diagnostic examination, as well as the authority to restrict the extent or nature of the licensee's practice.  (*Id*., § 2228.)"

## B.    Judicial Review of Board Disciplinary Decisions

The court in *Landau v. Superior Court* (1998) 81 Cal.App.4th 191, 198 through 199 (*Landau*) summarized the judicial review process for Board disciplinary decisions as follows:  "Review of a decision of the [Board] revoking, suspending or restricting a medical license is by writ of administrative mandamus in the superior court.  (Code Civ.

Proc., § 1094.5.)  Traditionally, review of the superior court decision has been by direct appeal from the final judgment or order of the superior court granting or denying the writ petition.  Effective January 1, 1996, the Legislature . . . provided that appellate review of the superior court's decision shall be pursuant to a petition for an extraordinary writ.  (Bus. & Prof. Code, § 2337.)  [¶]  This amendment eliminated direct appeal via Code of Civil Procedure section 1094.5 from the superior court decision granting or denying the petition for writ of mandate and substituted discretionary writ review by the appellate court. . . ."  (Fns. omitted.)[6]

The court in *Landau, supra,* 81 Cal.App.4th 191 explained that "[t]he legislative history of section 2337 makes clear that the statute was a response to one aspect of a perceived crisis in physician discipline procedures—that of lengthy delays in the final imposition of discipline.  The provision for writ review in the Court of Appeal was intended *to expedite the completion of judicial review of physician discipline decisions and to shorten the overall time for these cases irrespective of which party prevailed at the superior court level.*  [¶]  . . .  In cases where the Board has imposed discipline suspending or revoking a license, and the superior court has refused to issue a writ overturning that decision, appellate review by writ of mandate enables the appellate court to dispose of a petition that has no apparent merit relatively quickly.  Similarly, where the superior court has issued a writ overturning the Board's imposition of discipline, appellate writ review pursuant to section 2337 would benefit the physician by shortening the time to final decision."  (*Landau, supra,* 81 Cal.App.4th at p. 205, italics added.)

---

**6**      "The Legislature is permitted to enact laws specifying that an extraordinary writ petition shall be the exclusive method for obtaining review.  (*Leone* [*v. Medical Board* (2000)] 22 Cal.4th [660,] 668 [(*Leone*)].)  Thus, the California Supreme Court has upheld statutes mandating that writ review be the exclusive method of review in certain actions.  (*Leone, supra*, 22 Cal.4th at pp. 664, 670 [medical license revocation actions under Bus. & Prof. Code, § 2337]; *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 90, 110 (plur. opn. of Kennard, J.), 115-116 (conc. opn. of George, J.) [40 Cal.Rptr.2d 839, 893 P.2d 1160] (hereafter *Powers*) [California Public Records Act actions (Gov. Code, §§ 6250, 6259].)"  (*Hollywood Park Land Co., LLC v. Golden State Transportation Financing Corp.* (2009) 178 Cal.App.4th 924, 940.)

## C.    Analysis

In support of his assertion that section 2337 does not govern appellate review of the trial court's judgment denying his petition for writ of mandate, petitioner makes three arguments:  (i) the text of section 2337 limits its application to cases in which the Board has "affirmatively limited or eliminated a doctor's right to practice"—actions that the Board did not take in denying the petition for penalty relief; (ii) the purpose of section 2337—the speedy removal of unqualified physicians from practice—will not be served by applying that section to the judgment in issue because petitioner's right to practice had already been restricted prior to the Board's decision in question; and (iii) the trial court's failure to follow the section 2337 requirement that the hearing on petitioner's writ petition take place within 180 days of filing demonstrates that section 2337 does not apply to this appeal.  The Board, in agreeing with petitioner on the issue of appealability, contends that a trial court's ruling upholding the Board's denial of a petition for penalty relief "does not generally result in a new order revoking, suspending, or restricting a license, and in such cases, [the Board] has not sought dismissal of such appeals because the concern to expedite imposition of discipline is not present."

Contrary to the petitioner's characterization of his petition for penalty relief, the Board's decision denying such relief did not merely preserve the status quo.  After the Board considered petitioner's new evidence and arguments, it reaffirmed that probation was still warranted, despite the alleged changed circumstances upon which petitioner relied.  In effect, the Board decided that notwithstanding petitioner's new evidence, there was a *present need to restrict* petitioner's right to practice, a decision that is covered by the express language of section 2337.

As to the Board's argument that a denial of a petition for penalty relief is not a decision "revoking, suspending, or restricting" a license covered by section 2337, such a denial of relief is a decision that restricts a license, even if it is a continuation of a restriction.  The Board suggests that petitioner filed his petition for penalty relief pursuant to Government Code section 11522 and that because that section authorizes such petitions only after a license has been revoked or suspended, a decision on a section

7

11522 petition does not operate to revoke or suspend a license. Section 11522, which provides that a person whose license has been revoked or suspended may under certain conditions petition the licensing agency for reinstatement or reduction of penalty, specifies that it "shall not apply if the statutes dealing with the particular agency contain different provisions for reinstatement or reduction of penalty." Contrary to the Board's suggestion, petitioner sought relief, not under section 11522, but rather under Business and Professions Code sections 2221, subdivisions (b) and 2307, each of which contains provisions for reinstatement or reduction in penalty in Board disciplinary matters that differ from section 11522. Thus, section 11522, by its own terms, has no application to this case. Moreover, section 11522 and Government Code section 11523—which provides for superior court writ review of licensing agency denials of reinstatements or reductions in penalty—do not refer at all to appellate review of a trial court decision following a writ review of a licensing agency's decision on reinstatement or reduction in penalty. Section 2337, however, specifically deals with appellate review of trial court decisions involving physician discipline by the Board.

Petitioner's argument that the purpose of section 2337—to remove promptly unqualified physicians from the practice of medicine—would not be served by applying it to the judgment in issue is unavailing. Although timely removal of unqualified physicians is a purpose of the enactment, it is not the sole purpose. As the court in *Landau, supra,* 81 Cal.App.4th at page 205 observed, the writ review provision of section 2337 was intended "to expedite the completion of the judicial review of physician discipline decisions" and to shorten the overall time for such cases, "irrespective of which party prevailed at the superior court level." (*Landau, supra,* 81 Cal.App.4th at p. 205.) Thus, section 2337 is not limited to disciplinary proceedings in which the physician does not prevail before the Board or in the trial court and which result in the termination or limitation of his or her right to practice. On its face, section 2337 applies to trial court review of any disciplinary decision by the Board that affects the status of the physician's license to practice. To hold otherwise would limit unreasonably the application of section 2337 and thereby impede the overall purpose of expediting judicial review of

8

Board disciplinary decisions that affect a physician's license, such as the decision here to continue in place the probationary restrictions on petitioner's license. Contrary to the parties' assertions, writ review in this case would have served that statutory purpose by enabling this court to dispose of petitioner's request for penalty relief quickly and expeditiously, regardless of whether the Board or petitioner prevailed in the trial court. Just as the Board has an interest in promptly removing unqualified physicians from practice, a physician entitled to relief has an interest in a prompt appellate review that might restore his or her right to practice.

Petitioner's argument based on the trial court's purported failure to adhere to the 180-day expedited hearing mandate[7] in section 2337 is also unpersuasive. The issue before us is not whether the trial court erred by failing to adhere to the timing mandate in section 2337, but rather whether the trial court's ultimate decision on the writ petition is appealable. That issue is a jurisdictional one that cannot be determined based on the conduct and timing of the trial court writ proceeding. Thus, whether the trial court considered section 2337 inapplicable in that court is irrelevant to whether that section applies to and controls the appellate review of the trial court's decision.

We conclude that because the Board decision in issue operated to restrict petitioner's medical license, section 2337 applies to and controls the method of appellate review of the trial court's ruling upholding the Board's decision. Therefore, the trial court's judgment denying petitioner's petition for writ of mandate is not appealable.

---

[7] Based on the record before us, we cannot determine why the hearing in the trial court on petitioner's request for writ relief took place beyond the 180-day time limit or whether petitioner objected to the timing of the hearing based on section 2337.

### D. Writ Relief

Citing *Zabetian v. Medical Board* (2000) 80 Cal.App.4th 462, petitioner contends that to the extent we conclude that section 2337 bars his appeal, he is entitled to have his appellate brief treated as a petition for an extraordinary writ. In that case, the court held that when an appeal is improper, the appellate court may in its discretion treat the appeal as a petition for an extraordinary writ in "unusual circumstances," such as when review by writ is the statutorily prescribed mode of review. (*Zabetian v. Medical Board, supra,* 80 Cal.App.4th at p. 466.)

Petitioner's request for extraordinary writ treatment in his opening brief failed to explain why he proceeded by way of direct appeal instead of seeking expedited appellate review in an extraordinary writ proceeding as required by section 2337.[8] His request also did not provide a sufficient justification for the unreasonable delay in the disposition of this matter caused by his failure to follow section 2337 and seek expedited review pursuant to a petition for an extraordinary writ. If a timely petition for a writ had been denied because the matter was appealable, petitioner could then have appealed. There is no advantage to petitioner or the public in having a longer period of review by way of an appeal. Given the plain language of section 2337, petitioner's conduct in proceeding with this appeal contrary to the requirements of that section requires a more convincing explanation of his justification for proceeding as he did. We therefore decline to exercise our discretion to treat the unauthorized appeal as a petition for an extraordinary writ.

---

[8] In his letter brief and at oral argument, petitioner maintained that the word "restricting," as used in section 2337, created an ambiguity that made it "uncertain whether the terms of section 2337 apply here at all." We do not view the "revoking, suspending, or restricting" language of section 2337 as being ambiguous. It clearly refers to the Board's statutory power to impose a broad range of discipline on physicians who are found guilty of unprofessional conduct.

**DISPOSITION**

The appeal from the trial court's judgment denying petitioner's request for a writ of mandate is dismissed. No costs are awarded on appeal.

**CERTIFIED FOR PUBLICATION**

MOSK, J.

I concur:

TURNER, P. J.

11

GOODMAN, J., Dissenting

Sela v. Medical Board of California

B253860

Respectfully, I dissent.

This case presents a threshold issue: By what procedure is a physician to obtain appellate review of a trial court's affirmance of a decision by the Medical Board of California (the Board) denying the physician's request to modify the terms of a prior Board decision imposing probationary conditions on the physician's right to practice medicine? In denying the request of Michael Sela, M.D. (Sela) to modify the terms of his probation, the Board left in full force and effect its 2006 decision reinstating his license to practice medicine, subject to specified conditions of probation.[1] The trial court affirmed this decision on Sela's petition for writ of mandamus under Code of Civil Procedure section 1094.5. Sela filed the present appeal from the judgment entered after trial on his petition. This court asked counsel to file letter briefs addressing whether Business and Professions Code section 2337 requires that our review be undertaken solely by extraordinary writ. For the reasons stated below I conclude that review of the judgment entered after trial of Sela's petition to modify the terms of his probation is by direct appeal rather than by extraordinary writ.

The Administrative Procedure Act (APA) (Gov. Code, § 11340 et seq.) prescribes the procedures for adjudication of licensure matters except when a specific statute provides otherwise.[2] APA section 11501 provides: "(a) This chapter applies to any agency as determined by statutes relating to that agency." Section 2230, subdivision (a)

---

[1] Sela sought removal of all of the probationary conditions on his right to practice medicine. This analysis applies to all applications to modify probationary conditions on the right to practice medicine, whether full or partial.

[2] The administrative adjudicative procedures of the APA are located in chapters 4.5 (Gov. Code, § 11400 et seq.) and 5 (Gov. Code, § 11500 et seq.).

of the Medical Practices Act (MPA) (Bus. & Prof. Code, § 2000 et seq.) recognizes the preeminence of the APA in the following text: "All proceedings against a licensee for unprofessional conduct, or against an applicant for licensure for unprofessional conduct or cause, shall be conducted in accordance with the [APA] (Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code) except as provided in this chapter. . . ." (Accord, Bus. & Prof. Code, § 2335, subd. (c) [proposed decisions of the Board are to be acted upon "in accordance with Section 11517 of [the APA]" with exceptions not relevant to this proceeding]; C.E.B., Administrative Hearing Practice 2d, § 9.3; 9 Witkin, Cal. Procedure (5th ed. 2008) Administrative Procedure, § 119, p. 1245.)

The questions to be resolved on this appeal include whether APA sections 11522 and 11523, together with Code of Civil Procedure section 1094.5, on the one hand, or MPA section 2337, on the other, determine the method for review of the trial court's judgment in this case.[3]

---

[3]    APA section 11522 provides: "A person whose license has been revoked or suspended may petition the agency for reinstatement or reduction of penalty after a period of not less than one year has elapsed from the effective date of the decision or from the date of the denial of a similar petition. The agency shall give notice to the Attorney General of the filing of the petition and the Attorney General and the petitioner shall be afforded an opportunity to present either oral or written argument before the agency itself. The agency itself shall decide the petition, and the decision shall include the reasons therefor, and any terms and conditions that the agency reasonably deems appropriate to impose as a condition of reinstatement. This section shall not apply if the statutes dealing with the particular agency contain different provisions for reinstatement or reduction of penalty."

APA section 11523 provides: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, the petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. On request of the petitioner for a record of the proceedings, the complete record of the proceedings, or the parts thereof as are designated by the petitioner in the request, shall be prepared by the Office of Administrative Hearings or the agency and shall be delivered to the petitioner, within 30 days after the request, which time shall be extended for good cause shown, upon the

The terms of APA section 11522 expressly apply to the petition filed by Sela, while the text of MPA section 2337 does not.  As APA section 11522 is applicable, then pursuant to APA section 11523 and Code of Civil Procedure section 1094.5, appellate review of the trial court's judgment on Sela's petition for writ of mandate is by direct appeal.  (See *Landau v. Superior Court* (1998) 81 Cal.App.4th 191, 198, fn. 2 (*Landau*) [noting that appellate review of judgments entered after trial on petitions for writs of mandamus under Code Civ. Proc., § 1094.5 is "traditionally" by means of appeal].)

These conclusions are consistent with APA section 11501[4] and with MPA section 2230, subdivision (a).  The majority reasons that MPA section 2337 must be construed to

_____

payment of the cost for the preparation of the transcript, the cost for preparation of other portions of the record and for certification thereof.  The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decision by an administrative law judge, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case.  If the petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record, the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her.  The agency may file with the court the original of any document in the record in lieu of a copy thereof.  If the petitioner prevails in overturning the administrative decision following judicial review, the agency shall reimburse the petitioner for all costs of transcript preparation, compilation of the record, and certification."

MPA section 2337 provides:  "Notwithstanding any other provision of law, superior court review of a decision revoking, suspending, or restricting a license shall take preference over all other civil actions in the matter of setting the case for hearing or trial.  The hearing or trial shall be set no later than 180 days from the filing of the action.  Further continuance shall be granted only on a showing of good cause.  [¶] Notwithstanding any other provision of law, review of the superior court's decision shall be pursuant to a petition for an extraordinary writ."

[4]       APA section 11501 provides:  "(a) This chapter applies to any agency as determined by the statutes relating to that agency.  [¶]  (b) This chapter applies to an adjudicative proceeding of an agency created on or after July 1, 1997, unless the statutes relating to the proceeding provide otherwise.  [¶]  (c) Chapter 4.5 (commencing with Section 11400) applies to an adjudicative proceeding required to be conducted under this chapter, unless the statutes relating to the proceeding provide otherwise."

MPA section 2230, subdivision (a) provides:  "(a) All proceedings against a licensee for unprofessional conduct, or against an applicant for licensure for

3

apply the same expedited procedure to our review of *denials of changes in terms of probation* as the Legislature clearly intended to apply to "*decision*[*s*] *revoking, suspending or restricting a license*" under MPA section 2337. For the following reasons, I conclude that review of such a denial is by direct appeal. *First*, the text of MPA section 2337 does not include any express reference to petitions to modify probationary terms of a decision of the Board: While it carefully specifies those circumstances to which it applies, nowhere in the text of this section is there any reference to expedited review of denials of petitions to modify the terms of probation.

*Second*, extending the scope of MPA section 2337 to include appellate review of petitions for changes in probationary terms requires that we ignore the express language of APA section 11522 as well as that of section 2337. Section 11522 expressly applies to any licensee "whose license has been revoked or suspended . . . " while MPA section 2337 expressly applies to a carefully defined and distinctive set of circumstances.

*Third*, the construction suggested by the majority undervalues the statutorily prescribed interrelationship between the APA and the MPA set out in APA section 11501, subdivision (a) and MPA section 2230, subdivision (a), both of which require that provisions of the APA apply when the MPA does not. Further, MPA section 2307 establishes a procedure for a licensee to seek modification of either a penalty or probation through a series of statutes which culminates with the requirement that compliance be had with the APA.[5] Once the determination is made under section 2307, subdivision (c), that determination is "acted upon in accordance with Section 2335." (Bus. & Prof. Code, § 2307, subd. (d).) Section 2335 requires prompt transmission of proposed decisions and interim orders to the Board executive director, prescribes that interim orders are final

unprofessional conduct or cause, shall be conducted in accordance with the [APA] (Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code) except as provided in this chapter. . . ."

[5]     MPA section 2307 provides: "(a) A person whose certificate has been surrendered while under investigation or while charges are pending or whose certificate has been revoked or suspended or placed on probation, may petition the board for reinstatement or modification of penalty, including modification or termination of probation. . . ."

4

when filed, *and generally requires compliance with procedural protections of the APA set out in APA section 11517.* Sections 11522 and 11523 are located in the same chapter of the Government Code as section 11517, and it is that chapter which sets out the comprehensive procedure for hearing and appeal of administrative adjudications. As noted above, APA section 11501, subdivision (a) applies to all agency determinations except as otherwise provided in statutes governing the particular agency. Section 2230, subdivision (a) of the MPA provides that the APA applies unless the MPA contains a specific provision that otherwise provides. MPA sections 2307 and 2335 require compliance with provisions of the APA when addressing modifications of penalty or probation imposed by the Board. That includes APA sections 11522 and 11523, and, as required by the latter section, Code of Civil Procedure section 1094.5. Appellate review of trial court determinations under the last-cited section has been by direct appeal since the statute was first added to the Code of Civil Procedure in 1945. (Stats. 1945, ch. 868, § 1(f), p. 1636; see *Landau, supra,* 81 Cal.App.4th at 198, fn. 2.)

*Fourth*, nothing in the legislative history of enactment of MPA section 2337 suggests that it applies to determinations that result in no change in the status quo, such as in this case. This legislative history clearly sets out its purposes for protecting both the public and the licensee by expediting finality of decisions in which a physician's license is "restricted, suspended or revoked" as such decisions have potential for significant public safety and financial impact on the public and the physician, respectively. Among the motivating factors for enactment of MPA section 2337 was "' . . . an April, 1989 report entitled "Physician Discipline in California: A Code Blue Emergency[]" [which had] concluded that vast changes were needed in the discipline system for medical professionals, including a means of increasing the number of professionals being disciplined and *methods for short-cutting the lengthy hearing and appeal process. . . .*' (State and Consumer Services Agency, General Services, Enrolled Bill Rep. for Sen. Bill 2375, Sept. 4, 1990, p. 1, italics added [in *Landau, supra*, 81 Cal. App.4th, at 202].)

"'Among the several concerns at which the legislation was aimed was the excessive amount of time consumed by the disciplinary process. . . .'

5

"As the Center for Public Interest Law Report indicated, appellate review played a major part in the overall duration of the disciplinary process. 'Court of Appeal review normally takes several years to complete.' (Center for Public Interest Law, Physician Discipline in California: A Code Blue Emergency (Apr. 5, 1989) p. 22.)" (*Landau, supra*, 81 Cal.App.4th at 202-204.)

The second paragraph of MPA section 2337, providing for appellate review by extraordinary writ rather than direct appeal,[6] was added to the statute in 1995. (*Landau, supra*, 81 Cal.App.4th at 204.) As the *Landau* court explains: "The legislative history of section 2337 makes clear that the statute was a response to one aspect of a perceived crisis in physician discipline procedures–that of lengthy delays in the final *imposition* of discipline. The provision for writ review in the Court of Appeal was intended to expedite the completion of judicial review of physician discipline decisions and to shorten the overall time for these cases irrespective of which party prevailed at the superior court level." (*Id*. at 205, italics added.)

No similar purpose is achieved by extending this expedited review process to determinations which maintain the status quo. The legislative history of MPA section 2337 contains no discussion of any need to expedite review of denials of requests to modify probationary terms. When such a petition is denied in the superior court, the petitioner physician remains in the same status as he or she stood prior to that denial. In such circumstances there is not present the concern that motivated enactment of MPA section 2337, viz., that action by the Board may lead to a protracted judicial process during which the protection of the public, or the rights of the disciplined physician, or both, remain undetermined, and with the physician subject to eventual discipline remaining in practice during that extended appellate process. In the context of the present matter, such concerns were addressed earlier when the decision was made to impose discipline on the licensee, and it was decisions such as the earlier action in this case that provided the context for the discussion of the need for expedited review

---

[6]     See text of this statute in footnote 3 above.

described in the legislative history of MPA section 2337. It was concern over delay in finality of the disciplinary actions specifically set out in MPA section 2337 that was the basis for expediting both trial court proceedings and their appellate review.

There is no similar or compelling reason explicit or implicit in the legislative history of MPA section 2337 which explains why the usual appellate process does not suffice for review of the denial of a petition for modification of probation; nor does that legislative history suggest that it was intended to affect the right to appeal under the circumstances presented in this case.

In the present case, the result of the Board's action, confirmed by the trial court, is that no change occurred in Sela's status. He stands in the same position as he did prior to seeking review of his probationary status. The citizens of this state are also not differently affected by the trial court's affirmance of the Board's decision to make no change in the terms of his probation. Thus, there is no reason for expedited review of the trial court's judgment by extraordinary writ.

*Fifth*, harmonizing construction of the statutes at issue here as now suggested gives the words of these statutes plain meanings consistent with their respective terms, gives effect and significance to every word and phrase of each statute, and avoids repeal by implication of the statute which expressly addresses the circumstance presented in this case, APA section 11522. (See *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476-477 and cases there cited regarding rules of statutory construction.)[7] Had the Legislature

---

[7] The decision of our Supreme Court in *Leone v. Medical Board* (2000) 22 Cal.4th 660 considered whether MPA section 2237 violated article VI, section 11 of our state Constitution, which provides that courts of appeal have appellate jurisdiction when superior courts have original jurisdiction. In holding that the Legislature may enact laws that specify the mode of appellate review (viz., that the phrase "appellate jurisdiction" includes review by extraordinary writ as well as by direct appeal), our Supreme Court was not called upon to analyze whether section 2337 applied to denials of petitions to modify terms of probation in addition to the circumstances clearly delineated in the text of section 2337. Thus, the issue of application of MPA section 2337, or APA section 11522, to appellate review of denials of petitions to modify probationary terms of a physician's license was not presented in that case.

7

intended to affect the method of appellate review of decisions denying petitions to modify the terms of a physician's probation in enacting MPA section 2337, it had the statutory language at hand, in APA section 11522.

While there is logic in having all determinations relating to Board adjudications in physician licensing matters be subject to the same appellate process, the Legislature did not so provide. For all of the reasons now discussed, I conclude that the several statutes at issue can and should be read in harmony and not so as to repeal clearly relevant express provisions of the APA. I would hold that the correct procedure for review of the trial court's judgment in this case is direct appeal.


GOODMAN, J.[*]

---

*Steinsmith v. Medical Board* (2000) 85 Cal.App.4th 458, in which the discipline imposed was limited to a monetary fine, notes "preliminarily" that MPA section 2337 was inapplicable because it did "not involve revocation, suspension, or restriction of [the doctor's] license. . . ." (*Id*. at 464.) Because of the cursory nature of the discussion of this issue in that case, it is noted, but not relied upon.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.